IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                      Plaintiff,<br><br>vs.<br><br>Kevin Oscar Grady,<br><br>                                     Defendant. | Case No. 1:21-cr-00208 |

ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]   THIS MATTER comes before the Court on the Defendant's Motion for Compassionate Release filed on April 1, 2025. Doc. No. 53. The United States filed a Response on April 8, 2025. Doc. No. 56. The Defendant has not filed a Reply. The Defendant asks for a reduction in sentence arguing for both compassionate release and under Amendment 821 to the United States Sentencing Guidelines. For the reasons set forth below, the Motion to Reduce Sentence is **DENIED**.

DISCUSSION

I.     **Compassionate Release**

[¶2]   After considering the factors set forth under 18 U.S.C. § 3553(a), the Court can reduce a defendant's sentence if there are "extraordinary and compelling reasons" that "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[S]uch a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Sims, 87 F.4th 917, 919 (8th Cir. 2023). The Policy Statement from the United States Sentencing Commission define extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b). Such reasons include when the Defendant is suffering from a serious physical or medical condition that

"substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." Id. at § 1B1.13(b)(1)(B). Defendants bear the burden of proving a sentencing reduction is warranted. United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022).

[¶3]     The Defendant received a 151-month sentence after pleading guilty to three counts of Abusive Sexual Contact of a Child. Doc. No. 50. The Defendant argues the BOP is failing to adequately care for his Rheumatoid Arthritis ("RA"), specifically by not prescribing him Humira for treatment.

[¶4]     The Defendant has not shown extraordinary and compelling circumstances justify a sentencing reduction. First, the Defendant has provided no evidence his medical condition prevents him from taking care of himself while in custody. See U.S.S.G. § 1B1.13(b)(1)(B). Second, the medical records on file show the BOP can care for Defendant's RA, even if it is not providing his desired prescription. See Doc. No. 57. The records indicate the Defendant can "ambulate without his wheelchair" Id. at 8. Accordingly, the Defendant has failed to meet his burden to show a reduction in sentence is warranted.

## II.     Amendment 821

[¶1]     The Defendant also asks for a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"

[¶2]     In Part A to Amendment 821, the United States Sentencing Commission modified the provision for adding criminal history points when a defendant committed the instant offense while

under another criminal justice sentence. These are called "status points." Here, the Defendant did not receive any status points. Therefore, Part A does not apply.

[¶3]    Part B, Subpart 1 to Amendment 821, created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria, including "the instant offense is not a sex offense." See also U.S.S.G. § 4C1.1. The Defendant's convictions in this case, however, are sex offenses—namely, three counts of Abusive Sexual Contact of a Child. Even though the Defendant is a zero-point offender, because the instant offenses are sex offenses, he is not entitled to the benefit of an adjustment under Part B, Subpart 1 to Amendment 821.

## CONCLUSION

[¶5]    For the reasons set forth above, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶6]    **IT IS SO ORDERED.**

DATED September 22, 2025.

Daniel M. Traynor, District Judge
United States District Court